IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>NATHAN REX UPTON,<br><br>*Defendant.* | Case No. CR-22-167-RAW |

## JOINT MOTION TO DECLARE CASE AS A COMPLEX MATTER

COMES NOW the United States of America, by and through its attorneys, Christopher J. Wilson, United States Attorney, Caila M. Cleary, Assistant United States Attorney, and Douglas G. Smith, II, Attorney for the Defendant, and submits this request that this Court Declare Case as a Complex Matter and continue the notices and pretrial motions deadlines, and the trial date of June 6, 2023, for a period of six (6) months.

1. The Speedy Trial Act (the "Act") provides "that an accused person's trial must begin within seventy days of his indictment or initial appearance, whichever is later." *U.S. v. Cano–Silva*, 402 F.3d 1031, 1034 (10th Cir. 2005) (citing 18 U.S.C. § 3161(c)(1)). However, the Act provides that certain periods of delay are not included in computing the time limits for trial. *See* 18 U.S.C. § 3161(h). Relevant to the Motion, a federal district court is permitted to exclude any period of delay resulting from a continuance if "the [court] granted such continuance on the basis of [its] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). One factor that the court is directed to consider when determining whether to grant a continuance under § 3161(h)(7)(A) is the complexity of the case. 18 U.S.C. § 3161(h)(7)(B)(ii).

2. A case may be declared complex under the Act if "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act.]" *Id*.

3. Against this factual and legal backdrop, the instant case should be deemed complex under the Act. During the course of the Department of Homeland Security's (HSI) investigation of this defendant, a number of devices were seized. One of those devices was a Cooler Master custom-built PC containing 4 separate hard drives, each encrypted with either Bitlocker[1] or VeraCrypt[2]. The computer's storage totaled approximately 15 terabytes ("TB"). HSI Computer Forensic Analysts ("CFA") have been able to decrypt the hard drives and on preliminary review of the forensic extraction, agents located approximately 5 TB of storage. However, CFAs are still diligently working to convert the remaining terabytes of information into a readable format. Given the overwhelming amount of data contained on these drives, agents have not been able to determine the full extent of the Child Sexual Abuse Material (CSAM) allegedly possessed by the defendant.

4. The nature of the offense is complex enough to warrant an ends-of-justice continuation. The results of this ongoing extraction will significantly impact the potential resolution of this case. The parties have extensively discussed the significance and materiality of the CSAM evidence in this case. The defense needs additional time to prepare the case for trial, and the ability to review the full extent of the materials allegedly possessed by the defendant is necessary to effectively prepare a defense in this matter. As noted above, investigators are still

---

[1] BitLocker is a full volume encryption feature included with Microsoft Windows versions starting with Windows Vista. It is designed to protect data by providing encryption for entire volumes. By default, it uses the AES encryption algorithm in cipher block chaining or XTS mode with a 128-bit or 256-bit key.

[2] VeraCrypt is a free and open-source utility for on-the-fly encryption. The software can create a virtual encrypted disk that works just like a regular disk but within a file. It can also encrypt a partition or the entire storage device with pre-boot authentication.

working to process the vast amount of information contained on the devices seized from the defendant. While the United States' case against Defendant is strong, its investigation is clearly ongoing, and more relevant evidence will be gathered as the case progresses. See *U.S. v. Gordon*, 710 F.3d 1124, 1158-59 (10th Cir. 2013) (affirming district court's complexity finding that, among other things, focused on the ongoing nature of the prosecution's investigation of securities fraud); see also *U.S. v. Bonilla*, No. 08-CR-51, 2008 WL 1766732, at *2 (N.D. Okla. Apr. 14, 2008) (noting, among other things, that the case was complex because there was potentially relevant evidence outstanding).

5.  In the alternative, if the Court does not find that the matter is complex, it should nevertheless grant an extension of time pursuant to § 3161(h)(7)(B)(iv) because the failure to grant a continuance "would unreasonably deny … the attorney for the Government … the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. Here, the United States' inability to obtain the relevant evidence is not due to a lack of due diligence; rather, the sought-after information is in the possession of third-party agencies outside of its control. See *U.S. v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993) (district court has power to "grant an excludable continuance under [the Speedy Trial Act] where the government needs additional time to prepare, so long as the government has not created that need itself through lack of diligence"); see also *U.S. v. Williams*, 511 F.3d 1044, 1049 (10th Cir. 2007) (noting that trial courts have "substantial discretion" when deciding to grant an ends-of-justice continuance).

6.  Defense counsel has fully explained to the Defendant his right to proceed to jury trial within 70 days of his arraignment after subtracting excludable time. Defense counsel has also further reviewed the terms and conditions of Title 18, United States Code, Section 3161(c), and

has explained to the Defendant the provisions that may apply in this case. The Defendant's agreement to this motion is an informed and voluntary decision.

7.      Further, the parties anticipate that the results of the computer analysis being performed in relation to this case will aid the parties in ongoing plea negotiations and result in a possible non-trial resolution in this case.

WHEREFORE, the parties would respectfully request that the Court grant this Joint Motion to Declare Case as a Complex Matter and that the Court vacate and continue the June 6, 2023, trial date for a period of six (6) months.

        Respectfully submitted,

        CHRISTOPHER J. WILSON
        United States Attorney

s/   Caila M. Cleary
        CAILA M. CLEARY, NY Bar # 5587951
        Assistant United States Attorney
        520 Denison Ave.
        Muskogee, Oklahoma 74401
        Telephone: (918) 684-5100
        Caila.Cleary@usdoj.gov

        OFFICE OF THE FEDERAL PUBLIC DEFENDER
        Scott A. Graham, Interim Federal Public Defender

s/   Douglas G. Smith II
        DOUGLAS G. SMITH II, MOBA No. #67209
        Assistant Federal Public Defender
        112 North Seventh Street
        Muskogee, Oklahoma 74401
        (918) 687-2430
        Douglas_Smith@fd.org
        *Counsel for Defendant*